**Order entered October 11, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00478-CR
No. 05-13-00479-CR

**VALENTIN JUNIOR HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-61625-H, F12-61626-H**

## ORDER

The Court has before it court reporter Crystal Jones's October 9, 2013 second request for an extension of time to file the reporter's record. Ms. Jones was previously granted an extension of time to file the record, the reporter's record is more than thirty days overdue, and Ms. Jones did not tender the record with her second extension request. Accordingly, we **DENY** the October 9, 2013 second extension request.

We **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeals. If the trial court determines that appellant does not desire to prosecute the appeals, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeals, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeals.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in these causes; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit supplemental records, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeals are **ABATED** to allow the trial court to comply with this order. They appeals shall be reinstated thirty days from the date of this order or when the supplemental records are received, whichever is earlier.

/s/    DAVID EVANS
        JUSTICE